L. D. MASTERS AND WIFE, SALLY ANN MASTERS, v.
FORREST V. DUNSTAN.

(Filed 21 March, 1962.)

**1. Attorney and Client § 5—**

An attorney is not liable to his client against whom judgment has been rendered for any negligence in the conduct of the litigation if the client had no meritorious defense to the action.

**2. Judgments § 28—**

A judgment is a bar to a subsequent action if the judgment is rendered by a court of competent jurisdiction and adjudicates the identical fact, question or right as between the identical parties, or persons in privity with a party or parties to the prior suit, so that the estoppel by judgment is of necessity mutual.

MASTERS *v.* DUNSTAN.

**3. Judgments § 29—**

A party is in privity within the purview of the doctrine of estoppel by judgment if he has a mutual or successive relationship to the same rights of property as a party to the action and his interests have been legally represented at the trial, but a mere personal interest in the subject matter of the action or mere participation in the trial without being a party or privy thereto, does not bring him within the doctrine of estoppel.

**4. Same;   Attorney and Client § 5—**

An attorney against whose client a default judgment has been taken is not in privity with the client upon the hearing of a motion to set aside the default judgment for surprise and excusable neglect, even though the attorney employs counsel and participates in the hearing of the motion, and the finding of want of a meritorious defense in the hearing of the motion to set aside is not *res judicata* on that question in the client's subsequent action against the attorney for negligence in the conduct of the defense, and order striking the attorney's allegations relating to such plea of *res judicata*, is properly allowed.

**5. Attorney and Client § 5;   Evidence § 19—**

In an action by a client against his attorney for negligence in permitting a default judgment to be taken against the client, the attorney is not entitled to introduce in evidence the record denying the motion to set aside the default judgment because of want of meritorious defense, since, in the absence of estoppel by judgment, a finding by the court in one action, subject to certain exceptions, can not be used as evidence of such fact in a subsequent action.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Mintz, J.,* September 1961 Term of PASQUOTANK.

This is a civil action in which plaintiffs allege that they were damaged by the actionable negligence of defendant. The action was commenced in Beaufort County, and on motion of defendant was removed to Pasquotank County.

The complaint is summarized as follows:

Plaintiffs are residents of Virginia. Defendant is a resident of North Carolina and is a duly licensed and practicing attorney at law. About 14 April 1960 J. W. Carey instituted an action in Camden County against plaintiffs, L. D. Masters and wife. Plaintiffs retained defendant to defend the suit. They had a meritorious defense, and were so advised by defendant. Plaintiffs were ignorant of procedural requirements in this jurisdiction and relied on defendant's knowledge and skill. Defendant negligently failed to file any pleadings and thereby allowed default judgment to be entered against plaintiffs. By reason of such negligence plaintiffs have been damaged in the sum of $4203.54.

Defendant, answering, enters a general denial of material allegations of the complaint, and for a further and affirmative defense alleges:

"Eighth: That at the time of the commencement of the action *(Carey v. Masters)* . . . the plaintiff therein filed his complaint, a copy of which is attached hereto and marked Exhibit One and made a part hereof, as if copied herein verbatim.

"Ninth: That in connection with the transaction alleged in said complaint in said prior action, the plaintiffs herein (defendants in said prior action) did sign and enter into the contract referred to in section six of said complaint in said prior action. That a copy of said contract is hereto attached and marked Exhibit Two, and made a part hereof, as if copied herein verbatim. That notice is hereby given to the plaintiffs in this action to produce the original of this contract at the trial of this action, or a copy thereof or other secondary evidence of its contents will be offered in evidence at the trial of this action. *That said contract is referred to as Exhibit A in the judgment hereinafter referred to in section tenth of this answer.*

"Tenth: That after the default judgment was entered in the action referred to in section three of the complaint, the defendant herein employed Gerald F. White, of McMullan, Aydlett & White, Attorneys at Law, Elizabeth City, North Carolina, to represent defendants in that action (plaintiffs herein) in moving to set the said judgment aside under the provisions of General Statutes 1-220. That the law firm of Rodman & Rodman, Washington, North Carolina, at the instance of the defendants in that action (plaintiffs herein) also represented plaintiffs herein in said motion. That Edward N. Rodman appeared for said plaintiffs herein at the hearing of said motion. That said motion was heard before his Honor Joseph W. Parker, Judge presiding at the April 1961 Term of the Superior Court of Camden County. That after hearing the evidence offered by the parties in that action, and the arguments of counsel, the Court adjudged that the Plaintiffs herein, who were the defendants in the action referred to in section three of the complaint, had no meritorious defense to said action. That a copy of said judgment is hereto attached and marked Exhibit Three and made a part hereof, as if copied herein verbatim. There being no appeal from said judgment by plaintiffs herein (defendants therein), said judgment constitutes the law of the case. That the plaintiffs herein, as aforesaid, were the movants in said motion, were present at the hearing on said motion and together with their said attorneys, Rodman & Rodman, participated in said hearing on said motion. That the matters and things hereinbefore set out are pleaded by way of estoppel as against the plaintiffs herein, and as between the parties hereto, as res judicata of plaintiffs' claim herein."

Plaintiffs moved to strike that part of paragraph Ninth shown in italics and all of paragraph tenth of defendant's further defense. By

order entered 18 September 1961 the court allowed the motion to strike.

Defendant excepted, gave notice of appeal, and petitioned for writ of *certiorari* which was granted 17 October 1961.

Defendant assigns error.

*Rodman & Rodman for plaintiffs.*
*McMullan, Aydlett & White for defendant.*

MOORE, J. In an action by a client against his attorney, the attorney is not liable for negligence in the conduct of litigation where, notwithstanding such negligence in defense of a suit, the client has no meritorious defense. 7 C.J.S., Attorney and Client, s. 146, p. 983: *Frost v. Hanscome*, 246 P. 53 (Cal. 1926).

Defendant alleges that it has been determined by final judgment in a court of competent jurisdiction that plaintiffs had no meritorious defense to the suit prosecuted by J. W. Carey against plaintiffs, and that he is entitled to plead that judgment as an estoppel in this case.

After default judgment was entered in Carey's action, plaintiffs herein employed counsel, other than defendant, and moved to set aside the default judgment on the ground of excusable neglect. G.S. 1-220. Defendant herein also retained counsel and joined plaintiffs in prosecution of the motion. The court found that the failure of the attorney to file pleadings was not attributable to Masters and wife and that such neglect was excusable, but found that Masters and wife had no meritorious defense to Carey's action. The court refused to set aside the judgment. *Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507. Masters and wife did not appeal from the order denying the motion, but instituted the instant action to recover of defendant on account of his alleged negligence in failing to file pleadings and defend the Carey suit. Defendant herein, as an affirmative defense, pleads the finding of no meritorious defense in the order denying the motion to set aside the default judgment as "estoppel as against the plaintiffs herein, and as between the parties hereto, as *res judicata* of plaintiffs' claim herein." Plaintiffs moved to strike this affirmative defense. The court ruled that the finding in the order refusing to set aside the default judgment does not constitute an estoppel in the instant case, and ordered the defense stricken.

"It is fundamental that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and privies, in all other actions involving the same matter." *Bryant v. Shields*, 220 N.C. 628, 18 S.E. 2d 157. ". . . (W)hen a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question,

and have it tried over again at any time thereafter, so long as the judgment or decree stands unreversed." *Humphrey v. Faison,* 247 N.C. 127, 100 S.E. 2d 524, citing and quoting *Armfield v. Moore,* 44 N.C. 157.

An estoppel by judgment arises when there has been a final judgment or decree, necessarily determining a fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit. *Cannon v. Cannon,* 223 N.C. 664, 28 S.E. 2d 240; *Distributing Co. v. Carraway,* 196 N.C. 58, 144 S.E. 535. An estoppel must be mutual, and where one party is not estopped, the adverse party cannot be estopped. *Stansel v. McIntyre,* 237 N.C. 148, 74 S.E. 2d 345; *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570; *Meacham v. Larus & Brothers Co.,* 212 N.C. 646, 194 S.E. 99.

Defendant herein was not a party to the *Carey* suit, but argues that his participation in the motion to set aside the default judgment puts him in privity with plaintiffs herein. His contention is stated in his brief as follows: ". . . .(I)t is a fundamental principle that the estoppel of a judgment applies not only to parties but also to privies. It is said in the case of *COACH COMPANY v. BURRELL,* 241 N.C. 432, that a privy, when applied to a judgment or decree, is 'one whose interest has been legally represented at the trial.' It clearly appears from the answer herein that the legal interest of defendant Dunstan was represented on the motion in the prior action. He employed a firm of attorneys for that purpose. His interest and that of Masters and wife were one and the same at the hearing on the motion in the prior action. A person in privity under the doctrine of estoppel by judgment is one whose interests are so identified in interest with a party that such party represents the same legal right. *HAYES v. RICARD,* 251 N.C. 485, 491. It appears from the answer filed herein, together with the exhibits attached thereto and by reference made a part thereof as if copied therein verbatim, that defendant Dunstan and plaintiffs Masters and wife, were each working together and seeking to accomplish the same objective on the motion in the prior action, namely, that of having the default judgment vacated."

There is no definition of the word "privity" which can be applied in all cases. The following general principles stated in 72 C.J.S., Privities; Privies; Privy, pp. 956-958, are pertinent:

> "The ground of privity is property, not personal relation, and it relates to persons in their relation to property, and does not relate

to any question, claim or right independent of property. . . . whether the privity be one of estate, contract, blood, or law, it has no personal basis as a mere matter of sentiment, but rests on some actual mutual or successive relationship to the same right of property.

"Absolute identity of interest is essential to privity, and sometimes the word 'privity' merely means identity of interest, and is defined as meaning interest or mutuality of interest; and it is said that in legal literature 'privity' means partaking of, having a part or interest in or recognizance of any action, matter, or thing.

". . . Privies are persons who are parties to, or have an interest in, any action or thing, or any relation to another; those who are partakers of, or have an interest in any action or thing, or any relation to another; persons connected together, or having a mutual interest in the same action or thing, by some relation other than that of actual contract between them; persons whose interest in an estate is derived from the contract or conveyance of others. Privies are those who are so connected with the parties in estate, or in blood, or in law, as to be identified with them in interest; and consequently to be affected with them by the litigation, and all others not included in these classes are strangers. However, the fact that persons are interested in the same question or in proving the same facts, or that one person is interested in the result of litigation involving the other does not make them privies.

"In order to make a man a privy to an action he must have acquired an interest in the subject matter of the action either by inheritance, succession, or purchase from a party subsequently to the action, or he must hold property subordinately."

In *Meacham v. Larus & Brothers Co., supra,* S and M were passengers in an automobile and were injured when the automobile collided with another vehicle. S sued for damages. M testified for S at the trial. The judgment was adverse to S. M sued the same defendants who pleaded the judgment in the suit by S as *res judicata* in the action by M. This Court held that mere participation in the trial of the action creates no estoppel by judgment against one not a party. In *Falls v. Gamble,* 66 N.C. 455, it was held, as succinctly stated in the headnote, that "No estoppel of record is created against one not a party to the record, even though he had instigated the trespass, on account of which the action was brought, aided in defence of the action, employed counsel, introduced his deeds in evidence and paid the costs, and though he and the present defendant claimed by deeds under the present trespasser."

When used with respect to estoppel by judgment, the term "privity" denotes mutual or successive relationship to the same rights of property. One is "privy," when the term is applied to a judgment or decree, whose interest has been *legally* represented at the trial. A party will not be concluded by a former judgment unless he could have used it as a protection, or as a foundation of a claim, had the judgment been the other way. *Coach Co. v. Burrell, supra.*

Defendant herein had no such property interest or right in the subject-matter of the *Carey* suit as to entitle him, in his own name and right as distinct from that of his principals and clients, to have maintained a motion to set aside the default judgment. And if he had had such interest or right, the mere participation by him in the motion as attorney or witness would have created no estoppel against him, unless his interest or right was by succession from plaintiffs herein. In the hearing on the motion to set aside the default judgment defendant herein was not legally involved; he was present and representing the rights and interest of plaintiffs herein. He had a personal, but not a legal, interest in the outcome. His interest was not identical with, nor by succession from, his clients. His interest arose from his obligation to his clients, not out of the transactions or matters being litigated between his clients and Carey. If the court had found that he had negligently failed to file pleadings in the *Carey* case, that such neglect was not attributable to his clients but was excusable as to them, and that they had a meritorious defense, and if the court, upon such findings, had refused to set aside the default judgment, such findings would not have estopped defendant in the instant case to deny negligence on his part and to assert want of a meritorious defense. He was not legally represented therein and could not have appealed from the order in his own right. Moreover, he does not in the instant action recognize the order in question as binding upon him — it, in effect, finds that he was inexcusably negligent in failing to file pleadings, yet, in his answer in the case at bar, he denies negligence. As already stated, an estoppel must be mutual. Since an opposite finding on the question of meritorious defense would not have estopped defendant, the finding made does not estop plaintiffs. Defendant was not in privity with plaintiffs.

The court did not err in striking defendant's affirmative defense of estoppel by judgment. Nor are the facts alleged therein competent *as evidence* on the issue of meritorious defense. "Except where the principle of *res judicata* is involved, the previous finding of a court cannot be used as evidence of the fact found. . . ." Stansbury: North Carolina Evidence, s. 143, pp. 288, 289. ". . . (A) *judgment in another cause*, finding a fact now in issue, is ordinarily not receivable." Wigmore on Evidence, Vol. V, s. 16712, p. 689. See also: *Bullock v. Crouch,* 243 N.C.

40, 89 S.E. 2d 749; *Rabil v. Farris,* 213 N.C. 414, 196 S.E. 321; *Keenan v. Commissioners,* 167 N.C. 356, 83 S.E. 556; *Coble v. Huffines,* 133 N.C. 422, 45 S.E. 760; *Briley v. Cherry,* 13 N.C. 2. There are exceptions to this rule: 20 Am. Jur., Evidence, s. 1001, pp. 848, 849; 50 C.J.S., Judgments, s. 821, pp. 384, 385; *Hodges v. Wilkinson,* 111 N.C. 56, 15 S.E. 941; *Galloway v. McKeithen,* 27 N.C. 12. But none of the exceptions apply here.

The judgment below is
Affirmed.

SHARP, J., took no part in the consideration or decision of this case.