STATE OF NORTH CAROLINA v. JAMES A. GARNER, JR.

No. 7719SC554

(Filed 16 November 1977)

1. Bastards § 5— refusal to support illegitimate child—payment to prosecutrix by defendant's mother—evidence not hearsay

   In a prosecution of defendant for willfully refusing to support his illegitimate child, the trial court did not err in allowing into evidence testimony concerning conversations and actions of defendant's mother relating to her payment of money to the mother of the child, since the testimony was not hearsay.

2. Bastards § 5— refusal to support illegitimate child—payment by check to prosecutrix—check not introduced—no error

   In a prosecution of defendant for willfully refusing to support his illegitimate child where there was evidence that defendant's mother gave the prosecutrix money, the trial court did not err in admitting evidence about the check from the mother to prosecutrix where the check itself was not produced, since the terms of the check were not the issue in this case.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 3 February 1977 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 26 October 1977.

Defendant was charged with willfully refusing to support his illegitimate child, a violation of G.S. 49-2. The evidence tended to show that during the summer of 1974 defendant and Lucinda Wright dated steadily and had intercourse several times. In September, 1974, Lucinda Wright discovered she was pregnant. Defendant paid her first doctor bill, and sometime later his mother came to her home and gave her a check for $185.00. A daughter was born in May, 1975.

There was some evidence that a registered letter was sent to defendant asking him to support the child. There was also evidence that a previous warrant for refusal to support the child had been issued.

Answering issues submitted by the court, the jury found (1) that defendant was the father of the child; (2) that demand had not been made upon him for support; (3) that he had not willfully neglected to support the child; and (4) that he was not guilty of willful refusal to support the child.

*Attorney General Edmisten, by Associate Attorney Norma S. Harrell, for the State.*

*Bell and Ogburn, by Charles T. Browne and William H. Heafner, for defendant appellant.*

VAUGHN, Judge.

[1] The defendant assigns as error, on several grounds, the admission into evidence of conversations and actions of his mother relating to the payment of money. He first argues that testimony that defendant's mother came to the prosecutrix's home and gave her a check was incompetent as hearsay. "Evidence, oral or written [or assertive conduct], is called hearsay when its probative force depends, in whole or in part, upon the competency and credibility of some person other than the witness by whom it is sought to produce it." 1 Stansbury, North Carolina Evidence (Brandis Rev.) § 138 at 458. Such is not the case here. While the mother's conduct may raise implications of family responsibility, at no point do the State's witnesses testify to that conclusion.

"The inherent vice of hearsay testimony consists in the fact that it derives its value not from the credibility of the witness himself, but depends upon the veracity and credibility of some other person from whom the witness got his information." *State v. Lassiter*, 191 N.C. 210, 212, 131 S.E. 577, 579 (1926). The prosecutrix and her mother testified to actions in their living room. Defendant's mother's credibility was not at issue.

[2] Defendant argues further that admitting evidence about the check where the check itself was not produced was a violation of the best evidence rule. "The best evidence rule applies only where the *contents* or *terms* of a document are in question." 2 Stansbury, North Carolina Evidence (Brandis Rev.) § 191 at 103. The terms of the check were not the issue in this case; the probative value of the testimony did not turn upon the contents of the check. There was, therefore, no error in admitting this evidence.

Defendant also argues that his motion for nonsuit should have been allowed. He does not argue that the evidence was insufficient on the question of paternity. Instead, he says that there was no evidence of willful refusal to support after a demand had been made upon him for support. Even if there is merit to that argument, it is not appropriate on this appeal. The jury has found him *not guilty*, and the State could not have appealed from that verdict.

Defendant, in a trial in which we find no error, has appealed from a finding against him on the issue of paternity. This is his right by statute. G.S. 49-7. The determination of paternity will stand. G.S. 49-2 creates a continuing offense. Upon a subsequent prosecution for willful neglect or refusal to support the child, defendant will not be entitled to have the question of paternity relitigated. *State v. Ellis*, 262 N.C. 446, 137 S.E. 2d 840 (1964).

No error.

Judges BRITT and PARKER concur.