STATE OF NORTH CAROLINA v. KENNETH CHARLES BROWN

No. 8023SC400

(Filed 7 October 1980)

**Bastards §§ 6, 7– sufficiency of evidence of paternity – instructions on illegitimacy not required**

In a prosecution of defendant for failing to support his illegitimate child, evidence that defendant knew the mother of the child and had had sexual intercourse with her was sufficient to raise an inference that defendant was the father of the child, and the trial court did not err in not instructing the jury that it had to find that the child was "illegitimate" before it could answer the issue of paternity in the affirmative.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 19 December 1979 in Superior Court, WILKES County. Heard in the Court of Appeals on 17 September 1980.

Defendant was charged in a proper warrant with failing to support his illegitimate child, Jason Lee Matthews, born of Linda Gail Matthews on 21 March 1979. Defendant was first tried in the District Court, Wilkes County, and appealed to Superior Court for trial *de novo* from the judgment entered on 24 August 1979.

In the Superior Court, the jury found that defendant was "the father of Jason Lee Matthews, born of the body of Linda Gail Matthews on March 21, 1979" but defendant was found not guilty of "wilful neglect or refusal to provide adequate support and maintain his illegitimate child."

From the finding on the issue of paternity, defendant appealed pursuant to G.S. § 49-7.

*Attorney General Edmisten, by Associate Attorney Sarah C. Young, for the State.*

*Brewer and Freeman, by Joe O. Brewer, for the defendant appellant.*

HEDRICK, Judge.

Defendant, by his two assignments of error, contends that the evidence was not sufficient to allow submission of the case to the jury or to support the jury's verdict on the issue of

State v. Brown

paternity and that the court erred in its instructions as to the issue of paternity. Defendant argues that the State failed to offer evidence that the child, Jason Lee Matthews, was "illegitimate," and that the court erred in not instructing the jury that it must find that the child was "illegitimate" before it could answer the issue of paternity as to defendant.

Defendant cites nothing in support of his rather fatuous argument. The sixteen-year-old mother of the child, Miss Linda Gail Matthews, testified that she met defendant in April 1978 while both of them were attending North Wilkes High School, and that she "started going" with defendant about 22 April 1978. Miss Matthews stated she had "sexual intercourse with him the night I went out with him and probably every time he come up." She also referred to defendant as her "boyfriend." Miss Matthews further testified that she became pregnant about 1 June 1978, and that she was "not going with any other boy or having sexual intercourse with any boy or male person other than the defendant" at that time.

Defendant testified that he met Miss Matthews at school and that he first dated Miss Matthews in February 1978. Defendant admitted having sexual intercourse with Miss Matthews twice in February, but he denied having sexual intercourse with her at any time thereafter. Defendant also testified that he and Miss Matthews "never went together."

In our opinion, the evidence is clearly sufficient to raise an inference that defendant is the father of the illegitimate child born of Linda Gail Matthews on 21 March 1979. Furthermore, the court did not err in not instructing the jury that it had to find that the child Jason Lee Matthews was "illegitimate" before it could answer the issue of paternity in the affirmative.

Defendant had a fair trial on the issue of paternity, and the finding appealed from is

Affirmed.

Chief Judge MORRIS and Judge WHICHARD concur.