DENNIS STEPHENS and DENISE STEPHENS, Minors, By and through their Guardian Ad Litem, ALICE MARY STEPHENS and ALICE MARY STEPHENS, Individually, and ROBESON COUNTY, By and Through its Child Support Enforcement Agency, *ex rel*, ALICE MARY STEPHENS v. ANTHONY L. WORLEY

No. 8016DC974

(Filed 21 April 1981)

**Bastards §§ 8.1, 10– acquittal in criminal bastardy proceeding – no res judicata in county's civil action**

A judgment of acquittal in a criminal prosecution under G.S. 49-2 for willful failure to support two illegitimate children was not *res judicata* in a county's civil action under G.S. 49-14 to establish defendant's paternity of the two children where the criminal judgment merely stated that defendant was found not guilty, the judgment did not disclose whether an acquittal was entered because the judge found that defendant was not the father of the children or because he did not believe defendant had willfully failed to provide for their reasonable support, and there was thus no showing on the record that the issue of paternity had been previously adjudicated in defendant's favor.

APPEAL by plaintiff, Robeson County, from *Richardson, Judge.* Order entered 13 August 1980 in District Court, ROBESON County. Heard in the Court of Appeals 9 April 1981.

Plaintiff, Robeson County, was a party in a civil action filed against defendant to establish his paternity of two illegitimate children pursuant to G.S. 49-14. Upon defendant's motion, the court dismissed the County's claim on the grounds of res judicata due to defendant's previous acquittal in a criminal bastardy proceeding instituted by the State pursuant to G.S. 49-2.

These are the facts. On 7 July 1978, Alice Mary Stephens, at the request of Robeson County, procured a warrant charging defendant with the crime of bastardy with respect to her two minor children. Defendant pleaded not guilty to the charge, and the district court judge entered a general verdict of not guilty on 6 September 1978. This judgment did not contain any findings of fact.

Subsequently, on 21 November 1979, Ms. Stephens, individually and as guardian ad litem of the children, and Robeson County, on behalf of its child support enforcement agency, filed a civil action under G.S. 49-14 to establish defendant's paternity. Specifically, Ms. Stephens sought relief in the form of

reasonable support and maintenance of the minor children, and the County sought reimbursement for the medical expenses incident to the pregnancy and birth of the children and all past public assistance paid for their support. Defendant pleaded the defense of res judicata in the civil case on the basis of his prior acquittal in the bastardy action.

The court denied defendant's motion to dismiss the claims of Ms. Stephens and her children. The court, however, dismissed Robeson County from the action on the grounds of res judicata. In this respect, the court made the following pertinent conclusions of law:

> That plaintiff, Robeson County, being a subdivision of the State of North Carolina and/or acting as Agent of State of North Carolina was in privity with said State in said criminal bastardy proceeding.

> That there is an identity of issues in this civil paternity action and said criminal bastardy proceeding.

> That plaintiff, Robeson County, being in privity with the State is estopped to continue this action by reason of the doctrine of res judicata because of the defendant being found not guilty in said criminal bastardy action.

Robeson County now appeals from the judgment of dismissal.

*Locklear, Brooks and Jacobs, by Dexter Brooks, for plaintiff appellant.*

*Page and Baker, by Richmond H. Page, for defendant appellee.*

VAUGHN, Judge.

The sole issue is whether a judgment of acquittal in a criminal bastardy action, based upon a general verdict which does not include findings of fact, will sustain a bar of res judicata to a subsequent civil action to establish paternity. We conclude that the doctrine of res judicata does not apply to the record in this case and reverse the entry of dismissal against Robeson County.

The doctrine of res judicata bars litigation of a matter in the following situation only:

Stephens v. Worley

when there has been a final judgment or decree, necessarily determining a fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit.

*Masters v. Dunstan*, 256 N.C. 520, 524, 124 S.E. 2d 574, 576 (1962); *Development Co. v. Arbitration Assoc.*, 48 N.C. App. 548, 269 S.E. 2d 685 (1980). In the context of the instant case, therefore, it is necessary to analyze the nature and elements of the civil and criminal causes of action to determine whether a final judgment previously decided an identical fact or issue against the County.

G.S. 49-14(a) simply provides that "[t]he paternity of a child born out of wedlock may be established by civil action." In contrast, G.S. 49-2 provides, in pertinent part, that "[a]ny parent who willfully neglects or who refuses to provide adequate support and maintain his or her illegitimate child shall be guilty of a misdemeanor. ..." In a prosecution under G.S. 49-2, the State must, therefore, prove two things: (1) that the defendant is indeed the parent of the child and (2) that defendant has intentionally neglected or refused to provide reasonable support for the child. *State v. Love*, 238 N.C. 283, 77 S.E. 2d 501 (1953). In addition, G.S. 49-7 requires the court to determine, in the affirmative, first whether or not the defendant is the parent *before* it proceeds to determine whether or not defendant has wilfully failed to support his or her child.[1] In sum, the issue of paternity is the entire thrust of the civil action under G.S. 49-14, whereas the focus of the crime punishable by G.S. 49-2 is the wilful failure to pay support for an illegitimate child, not paternity, because the statute does not make the mere begetting of a child a crime. *See Bell v. Martin*, 299 N.C. 715, 722, 264

---

1. For this reason, the verdict in a bastardy action should ordinarily be rendered in a special form, upon the submission of separate written issues or interrogatories, or alternatively, if a general verdict is returned, it should be accompanied by appropriate findings of fact to clarify the precise effect of the judgment. *See State v. Ellis*, 262 N.C. 446, 137 S.E. 2d 840 (1964); 2 Lee, N.C. Family Law § 177, at 406-07 (4th ed. 1980). *See, e.g., State v. Brown*, 49 N.C. App. 194, 270 S.E. 2d 534 (1980).

S.E. 2d 101, 106 (1980); *State v. Ellis,* 262 N.C. 446, 137 S.E. 2d 840 (1964).

Viewing the two actions in this light, we believe it is significant that, in the prior criminal proceeding against defendant, the judgment merely stated that defendant was found not guilty of the bastardy charge. Our Supreme Court has concluded that "a verdict of not guilty on the charge of willful nonsupport does no more than find the defendant not guilty of the crime laid in the bill. The verdict could not be construed to be a verdict of not guilty of begetting the child." *State v. Wilson,* 234 N.C. 552, 554, 67 S.E. 2d 748, 749-50 (1951) (Barnhill, J., concurring). *See State v. Robinson,* 236 N.C. 408, 72 S.E. 2d 857 (1952). In addition, the Court has held that a previous acquittal on a charge of wilful nonsupport does not bar a subsequent prosecution because G.S. 49-2 creates a continuing offense. *State v. Ellis,* 262 N.C. 446, 137 S.E. 2d 840 (1964); *State v. Perry,* 241 N.C. 119, 84 S.E. 2d 329 (1954).

Here, there is simply no showing, on this record, that the issue of paternity has, in fact, been previously adjudicated in defendant's favor. The general decree filed in the criminal action does not disclose whether the judge entered an acquittal because, in the first instance, he found that defendant was not the father of the children, or, in the second instance, he did not believe defendant had wilfully failed to provide for their reasonable support. The doctrine of res judicata does not, therefore, bar the County's claim in the civil action because the prior criminal judgment did not *necessarily* determine the identical issue of paternity adversely to it. *Masters v. Dunstan, supra,* 256 N.C. 520, 124 S.E. 2d 574 (1962). In sum, the principle of res judicata cannot apply to the County in the proceeding under G.S. 49-14 on the basis of the general acquittal on a bastardy charge under G.S. 49-2 when the State would not also be barred from prosecuting defendant for wilful nonsupport again under the present circumstances and state of the record in this case.

In view of the foregoing, we need not consider whether the judge was correct in his conclusions that the County was "in privity with said State in said criminal bastardy proceeding" and that the County was estopped to pursue the present civil action.

The order is reversed.

Reversed and remanded.

Judges CLARK and WELLS concur.