STATE OF NORTH CAROLINA v. ROBERT ANTHONY LAMBERT

No. 8116SC216

(Filed 15 September 1981)

**Bastards § 9.1— willful failure to support illegitimate child—finding of paternity but no willful failure—appeal to superior court—erroneous dismissal of case**

    Where defendant was charged with willful nonsupport of his illegitimate child, the district court found that defendant was the father of the illegitimate child but that defendant was not guilty of willful nonsupport, and defendant appealed to the superior court from the district court's finding of paternity, the jurisdiction of the superior court was to give defendant a trial *de novo* on

the issue of paternity, and the superior court erred in dismissing the "charges and proceedings" against defendant on the ground that defendant had been acquitted in the district court, since defendant had not been acquitted on the issue of paternity. G.S. 49-7.

APPEAL by the State from *Brewer, Judge.* Orders entered 5 January 1981 in Superior Court, ROBESON County. Heard in the Court of Appeals 3 September 1981.

Defendant was charged with willful non-support of his illegitimate child, a violation of G.S. § 49-2. After trial in the district court, that court found and concluded that defendant was the father of the illegitimate child, but found defendant not guilty of willful non-support, and entered judgment accordingly on 12 December 1980. Defendant appealed to the superior court "as to being found by the Court to be the father of the child" and thereafter, on 5 January 1980, filed a pre-trial "motion to dismiss" in the superior court, alleging as "grounds" that defendant had previously been charged with the same offense in the district court based on the same conduct, and the trial in the district court had ended in acquittal. After a hearing, the superior court entered two orders allowing defendant's motion and dismissing "the charges and proceedings" against defendant. The State appealed pursuant to G.S. § 15A-1445.

*Attorney General Rufus L. Edmisten, by Associate Attorney Steven F. Bryant, for the State.*

*Lee and Lee, by J. Stanley Carmical, for the defendant appellee.*

HEDRICK, Judge.

The sole question presented by this appeal is whether the superior court erred in dismissing the proceeding against defendant.

The offense of willful non-support of one's illegitimate child, G.S. § 49-2, involves the following two issues: (1) Is defendant the parent of the illegitimate minor child in question? and (2) If so, has defendant willfully neglected or refused to support and maintain such illegitimate child? *State v. Soloman,* 40 N.C. App. 600, 253 S.E. 2d 270 (1979). Even though defendant may be found not guilty of willfully neglecting or refusing to support the il-

legitimate child, he may nevertheless appeal an adverse finding and conclusion that he is the parent of such illegitimate child. G.S. § 49-7. *State v. Brown*, 49 N.C. App. 194, 270 S.E. 2d 534 (1980); *State v. Garner*, 34 N.C. App. 498, 238 S.E. 2d 653 (1977).

In the present case, the district court found defendant to be the father of the illegitimate child, but found defendant not guilty of willfully neglecting or refusing to support the illegitimate child. Defendant appealed to the superior court from the district court's finding and conclusion that he was the father of the illegitimate child. Obviously defendant did not appeal from the finding that he was not guilty of willful non-support.

The jurisdiction of the superior court, therefore, was to give defendant a trial *de novo* on the issue of paternity. G.S. §§ 7A-271, 49-2, 49-7; *State v. Coffey*, 3 N.C. App. 133, 164 S.E. 2d 39 (1968). Under the circumstances here presented, the superior court had no jurisdiction to make any order with respect to whether defendant had willfully neglected or refused to support the illegitimate child. It did have, however, authority to entertain and rule on any pre-trial motion with respect to the issue of paternity. Defendant in his pre-trial "motion to dismiss" stated that the motion was on the grounds that "[t]he defendant previously has been charged with the same offense in the [district court] based upon the same conduct, which trial ended in the acquittal of the defendant." Clearly, defendant's pre-trial motion is one to dismiss pursuant to G.S. § 15A-954(a)(5) on the grounds that "[t]he defendant has previously been placed in jeopardy of the same offense." While the comments of the judge of the superior court as set out in the record indicate that the judge was treating defendant's motion as one to withdraw the appeal from the district court, the two orders entered by the superior court clearly dismiss the "charges and proceedings" against defendant. In substance, the court allowed defendant's pre-trial motion. This was error. Obviously, defendant had not been acquitted of the part of the charge against him that he was the father of the illegitimate child. If defendant had not appealed from the judgment of the district court declaring him to be the father of the illegitimate child, that judgment would stand and could serve as the basis for future prosecution of defendant under G.S. § 49-2 for subsequent conduct constituting willful non-support of the illegitimate child. *State v. Coffey, supra.*

For the reasons stated, the two orders dated 5 January 1981 dismissing the "charges and proceedings" against defendant are reversed and the cause is remanded to the superior court for a trial *de novo* on the issue of paternity, unless defendant chooses to make a motion to have the appeal from the district court on that issue voluntarily dismissed or withdrawn.

Reversed and remanded.

Judges HILL and WHICHARD concur.