Settle v. Beasley

JOHN WESLEY SETTLE, MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, MARK E. SULLIVAN, PLAINTIFF v. KENNETH WAYNE BEASLEY, DEFENDANT

No. 8110DC1333

(Filed 7 December 1982)

**Bastards § 10; Judgments § 36.2— paternity action—estoppel by prior judgment**
    The minor plaintiff in an action to establish paternity was estopped by a judgment entered in a prior action instituted by the plaintiff's mother finding that defendant was not the father of the plaintiff in this action since the legal consequences are the same no matter who brings the paternity action, and there is, therefore, an identity of interests between the plaintiffs in the two actions so that the minor plaintiff is in privity with the plaintiff in the prior action.

APPEAL by plaintiff from *Parker (John), Judge.* Order entered 27 July 1981 in District Court, WAKE County. Heard in the Court of Appeals 21 September 1982.

This is an action pursuant to Article 3, Chapter 49 of the General Statutes to establish paternity. The dismissal of a criminal action against the defendant on the ground the statute of limitations had run has been affirmed by this Court. *See State v. Beasley,* 57 N.C. App. 208, 290 S.E. 2d 730 (1982). In this civil action, the defendant filed an answer in which he denied the material allegations of the complaint. The defendant also alleged as an affirmative defense that the plaintiff was estopped by a judgment previously entered in the District Court of Johnston County. The plaintiff and defendant moved for summary judgment on the defendant's affirmative defense.

The papers offered in support of the motions for summary judgment showed that in November 1977 the plaintiff's mother brought an action in Johnston County to establish paternity between the plaintiff in this action and the defendant. The case was tried without a jury in January 1978. The District Court of Johnston County entered a judgment on 30 April 1981 in which it found that the defendant was not the father of the plaintiff in this action. No appeal was taken from the Johnston County judgment. The District Court of Wake County granted the defendant's motion for summary judgment.

The plaintiff appealed.

*Huggard, Sullivan, Hensley and Pearson, by Mark E. Sullivan, for plaintiff appellant.*

*Canaday and Canaday, by Claude C. Canaday, III, for defendant appellee.*

WEBB, Judge.

We affirm the judgment of the District Court. When a final judgment has been rendered by a court which necessarily determines a fact, right or issue, that judgment is conclusive in a subsequent action involving the same fact, right or issue and either identical parties or persons in privity with parties to the earlier action. An estoppel by judgment must be mutual and where one party is not estopped, the adverse party cannot be estopped. *See Tidwell v. Booker,* 290 N.C. 98, 225 S.E. 2d 816 (1976); *King v. Grindstaff,* 284 N.C. 348, 200 S.E. 2d 799 (1973); *Stephens v. Worley,* 51 N.C. App. 553, 277 S.E. 2d 81 (1981). The facts and issues contested in the instant case and the Johnston County action are identical. The question on this appeal is whether the plaintiff in this action is in privity with the plaintiff in the Johnston County action.

The interest of the plaintiff in this action is identical with the interest of the plaintiff in the Johnston County action. G.S. 49-16 permits the mother, father, child, personal representative of the mother or the child, or in some cases, the director of Social Services, or the person who performs the duties of such persons in certain counties, to bring an action to establish paternity. Whoever brings the action, the legal consequences are the same. If paternity is established, the illegitimate child has all the rights allowed by Article 3, Chapter 49 of the General Statutes. If the plaintiff in the Johnston County action had been successful, the defendant would have been bound by the judgment as to the plaintiff in this action. We believe this gives the plaintiff in this action an identity of interest with the plaintiff in the Johnston County action so that the parties are in privity. *See Masters v. Dunstan,* 256 N.C. 520, 124 S.E. 2d 574 (1962).

The plaintiff argues the law has been changed to allow proof of paternity by a blood test since the action was tried in Johnston

Settle v. Beasley

County and this change in the law prevents him from being estopped by the Johnston County judgment. He also argues that the impact on him will be devastating if he is estopped by the judgment. We do not believe the fact that evidence may be used which was not available at a former trial or the effect of the judgment on the plaintiff allows us to ignore a final judgment. *See Hospital v. Guilford County*, 221 N.C. 308, 20 S.E. 2d 332 (1942).

Affirmed.

Judges VAUGHN and WELLS concur.