SAMPSON COUNTY, BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT AGENCY, EX REL. LUCILLE McPHERSON, PLAINTIFF v. HENRY EARL STEVENS, DE-FENDANT

No. 884DC225

(Filed 4 October 1988)

**Bastards § 8.1— criminal charge of failure to support illegitimate child—not guilty verdict—no res judicata on paternity issue**

A general verdict of not guilty of an N.C.G.S. § 49-2 criminal charge, willful neglect or refusal to provide adequate support for one's illegitimate child, does not operate as *res judicata* on the issue of paternity in a subsequent N.C.G.S. §§ 49-14 and -15 civil action to establish paternity and require support of an illegitimate child.

APPEAL by plaintiff from *Martin, James N., Judge.* Order entered 24 September 1987 in SAMPSON County District Court. Heard in the Court of Appeals 31 August 1988.

On 16 December 1978, Lucille McPherson gave birth to an illegitimate child, LaToya S. McPherson. On 6 August 1979, on complaint of Ms. McPherson defendant was charged in a warrant for willful neglect and refusal to provide adequate support for the child in violation of N.C. Gen. Stat. § 49-2. Defendant was tried on 29 November 1979 and was found not guilty, by a general verdict.

The present action was filed by Sampson County, by and through its child support enforcement agency, against defendant on 29 May 1985, seeking to have defendant adjudicated to be the father of LaToya S. McPherson. Plaintiff also sought reimbursement for public assistance paid to and on behalf of the child, payment of expenses incurred as a result of the pregnancy and birth of the child, and an order directing defendant to pay for the support and maintenance of the child. Defendant answered raising, as a first defense, plaintiff's failure to state a claim upon which relief can be granted and, as a second defense, a general denial of the allegations of the complaint. Defendant subsequently filed a motion to dismiss the complaint on 4 September 1987 on the grounds of *res judicata.* Following a hearing, the trial court granted defendant's motion and dismissed the complaint on the grounds of *res judicata.* Plaintiff appealed from the dismissal of the complaint.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General T. Byron Smith; and Sampson County Child Support Enforcement Agency, by Robert S. Griffith, II, for plaintiff-appellant.*

*No brief for defendant-appellee.*

WELLS, Judge.

Plaintiff assigns as error the trial court's dismissal of plaintiff's complaint on the grounds of *res judicata.* " '*Res judicata* deals with the effect of a former judgment in favor of a party upon a subsequent attempt by the other. party to relitigate the same cause of action. . . .' " *State v. Lewis*, 311 N.C. 727, 319 S.E. 2d 145 (1984) (*quoting King v. Grindstaff*, 284 N.C. 348, 200 S.E. 2d 799 (1973) ). In *Masters v. Dunstan*, 256 N.C. 520, 124 S.E. 2d 574 (1962), our Supreme Court stated:

> An estoppel by judgment arises when there has been a final judgment or decree, necessarily determining a fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit.

In September 1979, defendant in this case was arrested for allegedly violating G.S. § 49-2, which provides in part: "Any parent who willfully neglects or who refuses to provide adequate support and maintain his or her illegitimate child shall be guilty of a misdemeanor and subject to such penalties as are hereinafter provided." In order to be found guilty of violating G.S. § 49-2, "[T]wo essential elements must be established: First, that the defendant is a parent of the illegitimate child in question; and second, that the defendant has *willfully* neglected or refused to support such child." *State v. Hobson*, 70 N.C. App. 619, 320 S.E. 2d 319 (1984). On 29 November 1979, the district court judge returned a verdict of not guilty in the form of a general verdict in favor of defendant.

On 29 May 1985, plaintiff herein instituted the present action seeking relief pursuant to G.S. § 49-14 and § 49-15. G.S. § 49-14(a) provides in part: "The paternity of a child born out of wedlock

may be established by civil action. . . ." Once paternity is established by civil action under G.S. § 49-14 the father may be compelled by G.S. § 49-15 to provide for reasonable support of the child. A comparison of G.S. § 49-2 and G.S. § 49-14 shows that: "[T]he issue of paternity is the entire thrust of the civil action under G.S. § 49-14, whereas the focus of the crime punishable by G.S. § 49-2 is the wilful failure to pay support for an illegitimate child, not paternity, because the statute does not make the mere begetting of a child a crime." *Stephens v. Worley*, 51 N.C. App. 553, 277 S.E. 2d 81 (1981).

In *Stephens, supra,* under facts practically indistinguishable from the facts in this case, this Court held that a general verdict of not guilty of a G.S. § 49-2 charge does not operate as *res judicata* on the issue of paternity in a subsequent G.S. § 49-14 and -15 action to establish paternity and require support of an illegitimate child. It is therefore clear that the trial court erred in allowing defendant's motion to dismiss this action on grounds of *res judicata.* The order of the trial court must be and is

Reversed.

Judges BECTON and PHILLIPS concur.