SCARVEY v. FIRST FEDERAL SAVINGS AND LOAN ASSN OF CHARLOTTE, 2000 NCBC 2

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF MECKLENBURG | 98-CVS-204 |

|  |  |  |
|---|---|---|
| CAROL SCARVEY, | ) | |
| Plaintiff | ) | |
| v. | ) | |
| FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHARLOTTE, | ) | **ORDER AND OPINION** |
| Defendant and Third Party Plaintiff, | ) | |
| v. | ) | |
| FAIRFIELD COMMUNITIES, INC., | ) | |
| Third Party Defendant. | ) | |

{1} This matter is before the Court on various motions: a Motion to Dismiss filed by Defendant First Federal Savings and Loan Association of Charlotte ("First Federal"), a Motion for Declaratory Judgment filed by Plaintiff Carol Scarvey, a Motion for Summary Judgment filed by Third Party Defendant Fairfield Communities, Inc. ("FCI"), and a Motion to Intervene filed by Charlotte and Charles Curry. For reasons explained below, First Federal's Motion to Dismiss is GRANTED. As a result, all other motions are rendered moot.

*Moore & Brown, by Beverly C. Moore, Jr. and B. Ervin Brown II, for Plaintiff Carol Scarvey.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Robert A. Singer, Mack Sperling and Natasha Rath Marcus, for Defendants First Federal Savings and Loan Association of Charlotte.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by Kiran H. Mehta and Amy L. Pritchard, for Fairfield Communities, Inc.*

*Moore & Brown, by Beverly C. Moore, Jr. and B. Ervin Brown II, for Intervenors Charlotte T. and Charles E. Curry.*

**I.**

{2} In 1989, Ms. Scarvey entered into an installment sales contract for the purchase of a lot from FCI, a developer of vacation properties. FCI later sold Ms. Scarvey's promissory note to First Federal pursuant to FCI's acquisition of First Federal. The terms of the promissory note were in compliance with the federal Interstate Land Sales Disclosure Act, which requires, under certain circumstances, that a refund be made by the seller upon default of the buyer. In January 1992, Ms. Scarvey stopped making payments on her promissory note and requested a refund in accordance with the terms of the note. Ms. Scarvey alleges that she was entitled to a refund and that First Federal failed to issue her a refund upon default. Ms. Scarvey asserts against First Federal claims for breach of contract, breach of fiduciary duty, and unfair and deceptive trade practices.

{3} This case mirrors an earlier class action brought by Charlotte and Charles Curry ("the Currys"). The facts alleged and the claims asserted by Ms. Scarvey are the same as those contained in the Currys' complaint. Ms. Scarvey was a member of the purported class in the Curry action. In fact, Ms. Scarvey sought to intervene in the Curry action. By Orders of Judge Johnston dated September 14, 1995, Ms. Scarvey's motion to intervene in the *Curry* case was denied, as was the Currys' motion for class certification. Scarvey and the Currys appealed Judge Johnston's' Orders; however, they failed to properly perfect their appeal and it was dismissed by the Court of Appeals in *Curry v. First Federal Savings and Loan Assn.*, 125 N.C. App. 108, 479 S.E.2d 286, *disc. rev. denied*, 346 N.C. 278, 487 S.E.2d 544 (1997). Ms. Scarvey filed the present action over two years after certification was denied in *Curry*.

{4} The Currys took a voluntary dismissal of their individual claims on April 16, 1998 and filed an motion to intervene in this case on December 11, 1998.

## II.

{5} First Federal moves to dismiss Plaintiff's claims on the grounds that (1) Plaintiff's claims are barred by the statute of limitations; (2) Plaintiff is not an adequate representative; and (3) Plaintiff's class action claims are precluded by collateral estoppel.

## A.

{6} Plaintiff asserts against First Federal claims of breach of contract, breach of fiduciary duty, and unfair and deceptive trade practices. Claims for breach of contract and breach of fiduciary duty arising out of contract are barred if not brought within three years from the date the cause of action arose. *See* N.C.G.S. § 1-52(1). Claims for unfair trade practices are barred if not brought within four years from the date the cause of action arose. *See* N.C.G.S. § 75-16.2. In cases arising out of contract, the cause of action accrues at the time of the breach. *See Silver v. North Carolina Bd. of Transp.*, 47 N.C. App. 261, 266, 267 S.E.2d 49, 53-54 (1980); *Flexolite Elec., Ltd. v. Gilliam*, 55 N.C. App. 86, 88, 285 S.E.2d 523, 524 (1981). In this case, the alleged breach occurred when Ms. Scarvey's refund claim was denied. Plaintiff alleges in the complaint that she discontinued payments in January 1992, and that her refund request was denied on January 30, 1992. (Compl. ¶ 12.) Thus, this Court finds that Plaintiff's cause of action arose on January 30, 1992. Accordingly, Plaintiff's claims are barred by the applicable statute of limitations unless Plaintiff can identify a long enough period during which her claims were tolled.

{7} Plaintiff relies on the rule in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, *reh'g denied*, 415 U.S. 952 (1974) to support her contention that the statutes of limitations were tolled by the filing of the *Curry* class action on December 10, 1993. *American Pipe* held that statutes of limitations on class members' individual claims are tolled during the pendency of a class action. North Carolina has never decided whether the filing of a class action operates to toll the statute of limitations on class members' claims. This Court believes that North Carolina would elect to adopt the rule in *American Pipe* and thus holds that the statute of limitations on class members' claims is tolled by the filing of a class action. Accordingly, in this case, Ms. Scarvey's individual claims were tolled on December 10, 1993, at which point the statutes of limitations had been running for over 22 months.

{8} Defendant First Federal argues that only individual claims, not class claims, are tolled by the pendency of a class action. In support of this assertion, First Federal relies upon the "no piggy-back" rule of *Salazar-Calderon v. Presidio Valley Farmers Assn.*, 765 F.2d 1334 (5th Cir. 1985), *cert. denied*, 475 U.S. 1035 (1986), *cert. denied*, 493 U.S. 821 (1989). However, this Court reads *Salazar-Calderon* to hold that there is no tolling of individual claims during *subsequent* class actions. Prior to *Salzazar-Calderon*, a class action captioned as *Lara v. PVFA* was filed by alien workers alleging breach of their employment contracts and violation of the Farm Labor Contractor Registration Act. 765 F.2d at 1349-50. The district court refused the certify the workers as a class. *Id.* at 1350. Plaintiffs then filed the *Salazar* action, naming the same plaintiffs who were members of the putative class in *Lara*. *Id.* Certification was again denied in *Salazar* and thereafter, certain individuals filed a separate complaint under the caption *Zuniga v. PVFA*. *Id.*

The district court found that the plaintiffs in *Zuniga* were barred by the statute of limitations. *Id.* On appeal, the plaintiffs argued that the statute of limitations was tolled not only from the time the *Lara* action was filed until certification was denied, but also during the pendency of the certification decision in *Salazar*. *Id.*

{9} The Court of Appeals in *Salazar-Calderon* held that while the statute of limitations was tolled during the *Lara* action, it resumed running upon the denial of certification in *Lara* and continued to run during the pendency of the *Salazar* action. The court stated that putative class members may not "piggyback one class action onto another and thus toll the statute of limitations indefinitely." 765 F.2d at 1351. This rule is designed to prevent continual filings of the same class action, with a new class representative each time. This Court finds that the "no piggy-back" rule would apply in North Carolina. This rule applies to prevent the tolling of the statute of limitations on individual claims of the putative class members in the case at bar. While the statute of limitations was tolled during the pendency of the certification decision in *Curry*, the statute of limitations was not once again tolled by the filing of this action. This rule has the effect of barring putative class members from bringing both class and individual claims in the future.

{10} The central issue in this case is when, as a matter of law, the statute of limitations resumed running. In *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983), the United States Supreme Court found that once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. Plaintiff argues that this rule should be read as broadly as possible to allow tolling to continue throughout the appeals process. Furthermore, Plaintiff argues that because the merits of class certification were never reached on appeal, tolling of individual putative class members' claims continues even to this day.

{11} This Court is not persuaded that North Carolina would adopt a rule which could extend the tolling period indefinitely. In *American Pipe*, the Supreme Court held that the statute of limitations began to run anew on the putative class members' claims when the district court denied certification. *See* 414 U.S. at 561; *See also Crown, Cork & Seal*, 462 U.S. at 354 (holding the statute of limitations tolled for all members of the putative class until the district court denied certification), *Armstrong, v. Martin Marietta Corp.*, 138 F.3d 1374, 1381 (11th Cir. 1989), *cert. denied*, 525 U.S. 1019 (1989) (rejecting the argument that tolling extends through appeal). Once class certification is denied, class members can no longer "reasonably rely on the existence of the suit to protect their rights, and they must timely assert their claims in individual capacities." *Nelson v. County of Allegheny,* 860 F.Supp. 1080, 1084 (W.D.Pa. 1994), *aff'd* 60 F.3d 1010 (3d Cir. 1995), *cert. denied*, 516 U.S. 1173 (1996).

{12} Tolling the statute of limitations through the appeals process would leave cases in a state of limbo. Limitations periods ensure that defendants are protected against having to defend against stale claims. A rule which would allow for an indefinite period of tolling would contravene the purpose of the statutes of limitations. Therefore, this Court holds that the statute of limitations on putative class members' claims ceased tolling upon the denial of class certification. Accordingly, the running of the statute of limitations on Plaintiff's claims resumed on September 15, 1995 when Judge Johnston entered the order denying certification. Because over 22 months had already run on Plaintiff's claims, she had less than 14 months remaining within which to bring her breach of contract and fiduciary duty claims and less than 26 months to bring her unfair trade practices claim. However, Plaintiff waited until January 7, 1998 to file her complaint – over 27 months after the denial of certification in *Curry*. Because Plaintiff's claims are barred by the statute of limitations she is not an adequate representative and may not maintain this class action. In addition, under the no piggy-back rule discussed above, other class members may likewise be time-barred and thus cannot replace Ms. Scarvey as class representative.

**B.**

{13} Even if Plaintiff's claims are not barred by the statutes of limitations, the doctrine of collateral estoppel operates to preclude Ms. Scarvey from pursuing certification as a class action. The doctrine of collateral estoppel provides that

parties and parties in privity with them – even in unrelated causes of action – are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination.

*King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E.2d 799, 805 (1973), citing *Masters v. Dunstan*, 256 N.C. 520, 124 S.E.2d 574 (1962), *Deaton v. Elon College*, 226 N.C. 433, 38 S.E.2d 561 (1946), 5 Strong, N.C. Index 2d, Judgments § 35 (1968), 46 Am. Jur. 2d, Judgments § 418 (1969). Thus, "when an issue has been tried and decided, it cannot be contested again between the same parties or their privities in the same or any other court." *King*, 284 N.C. at 359, 200 S.E.2d at 807.

{14} This Court finds that collateral estoppel may operate to bar a putative class member's claims. *See Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867 (1984) (holding that the principles of collateral estoppel apply to class actions). In order for collateral estoppel to bar the litigation of certain claims, the party to be barred must have been a party or in privity with a party to the prior action. *See King*, 284 N.C. at 357, 200 S.E.2d at 805. Privity turns on whether a party's interests were represented in the prior action. *Id.*, 200 S.E.2d at 806. Ms. Scarvey was a member of the putative class in *Curry*. As a putative class member, Ms. Scarvey's interests were represented in *Curry*. Ms. Scarvey was active in the prosecution of the *Curry* action, as evidenced by her attempt to intervene. In fact, the Currys owed a fiduciary duty to all class members, including Ms. Scarvey, to pursue class certification to the best of their ability. *See* 3 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 15.03 (3d ed. 1992 & 1998 Supp.). In addition, it is significant that the same lawyer controlled both lawsuits. *See, e.g., Ruiz v. Comm'r of the Dep't of Transp.*, 858 F.2d 898, 903 (2d Cir. 1988), *Sondel v. Northwest Airlines, Inc.*, 56 F.3d 943, 940 (8th Cir. 1995). Accordingly, Ms. Scarvey was in privity with the named plaintiffs in the *Curry* action.

{15} In addition to the requirement of privity, there are four elements of collateral estoppel: (1) an identical issue was raised in subsequent litigation, (2) the issue was actually litigated in a previous action, (3) the issue was determined by a final judgment, and (4) the determination of the issue was essential to the prior judgment. *See* 284 N.C. at 358, 200 S.E.2d at 806. Thus, the critical question is whether Ms. Scarvey is attempting to re-litigate an identical issue already decided in *Curry*, specifically the issue of whether class action treatment is appropriate.

{16} Clearly, Ms. Scarvey is attempting to re-litigate the issue of whether class action treatment is appropriate in this case. Plaintiff is asserting the same claims on behalf of the same class as in the *Curry* action. Although Judge Johnston's order denying certification was based in part upon a finding that the Currys were inadequate representatives, he also based his decision on the nature of the dispute and the recovery sought in the case. Specifically, Judge Johnston found that the claims in *Curry* raised individual questions and therefore the typicality requirement was not met:

> [A]ny determination as to whether First Federal owed a refund to plaintiff or any other class member will require an individualized buyer-by-buyer inquiry. The Court determines that this situation weighs persuasively against the presence of commonality or typicality in the purported class members' claims. Any liability to any class member buyer depends upon assessment of damages to FCI caused by each buyer's default. This assessment requires evidence of the difference between the amount owed by each defaulting buyers and each lot's fair market value at the time of default, as well as consequential damages flowing from each default. A determination that the Currys may be entitled to a refund would not decide or control whether other class members are entitled to a refund, much less the amount of any refund owed to them…The Court concludes that individual issues predominate and render this case unmanageable as a class action.

*Curry v. First Federal Sav. And Loan Assn. of Charlotte*, No. 94-96, slip op. at 7 (Super. Ct. filed September 15, 1995). Thus, even if Judge Johnston had found the Currys to be adequate representatives,

certification would have been denied.

{17} The policy behind the collateral estoppel doctrine is to prevent repetitious lawsuits over matters once decided which have remained substantially static. *See King*, 284 N.C. 348, 356, 200 S.E.2d 799, 805. Therefore, the fact that alternative grounds are given in support of a judicial determination should not prevent the operation of collateral estoppel to bar the relitigation of an issue. For example, in *In re Dalkon Shield Punitive Damages Litigation*, 613 F.Supp. 1112 (E.D.Va. 1985), the Ninth Circuit had previously denied class certification based on alternative grounds. Specifically, the Ninth Circuit had found that the prerequisites of Rule 23(a) had not been met, and the panel also determined that the plaintiff failed to establish the requirements of Rule 23(b)(1)(B). The court recognized that the weight of authority gives preclusive effect to an alternative basis for a decision, particularly where there has been no substantial change in circumstances. The court found that where the Ninth Circuit had previously ruled that class action treatment was inappropriate, collateral estoppel precluded the court from reconsidering the issue of whether a class action can be maintained.

{18} In this case, the issue of class certification was previously decided by Judge Johnston in the *Curry* class action. Judge Johnston denied certification, specifically finding that the typicality requirement was not met because the claims raised too many individual issues. The claims in this action are identical to those asserted in *Curry*. There has been no change in circumstances which would support a redetermination of the certification question. Because it has been found that certification is inappropriate under the circumstances of this case, a class action cannot be maintained. Therefore, this Court finds that Ms. Scarvey is collaterally estopped from bringing this class action.

## III.

{19} Subsequent to the filing of this action, First Federal asserted a third party complaint against FCI asserting claims for indemnification and contribution. FCI has filed a motion for summary judgment on the basis that all claims against FCI were discharged in bankruptcy. Additionally, Plaintiff has filed a motion for declaratory judgment, asking the Court to find that First Federal, not FCI is liable for Plaintiff's and class members' claims. Because Plaintiff's claims are time-barred, neither First Federal nor FCI may be held liable; therefore, FCI's motion for summary judgment and Plaintiff's motion for declaratory judgment are moot. Likewise, because the Plaintiff may not proceed with the class action and Plaintiff's claims are being dismissed, the Currys' motion to intervene is also moot.

## Conclusion

{20} Plaintiff's claims for breach of contract and unfair trade practices are barred by the statues of limitations. Although the statutes of limitations on Plaintiff's claims were tolled by the filing of the *Curry* class action, they began to run with the court's denial of class certification. Plaintiff failed to file her complaint within the time remaining on the statutes of limitations following the denial of certification. In addition, Plaintiff's class claims are barred by the doctrine of collateral estoppel. The issue of whether class certification is appropriate in a case involving the issues presented by Plaintiff's complaint has been litigated and decided in a prior action. Judge Johnston found as a matter of law that the claims asserted in the *Curry* action raised individual questions, thus making the case inappropriate for class action treatment. Plaintiff was in privity with the Currys and has asserted identical claims as those asserted in the *Curry* action. Therefore, Plaintiff is estopped from bringing this class action.

{21} Finally, because Plaintiff's claims are hereby dismissed, FCI's motion for summary judgment, Plaintiff's motion for declaratory judgment, and the Currys' motion to intervene are moot.

{22} It is therefore, ORDERED, ADJUGDGED and DECREED that Defendant First Federal's motion to dismiss is GRANTED.

This the 23rd day of February, 2000.