## STATE v. FRANK HEMPHILL.

(Filed 27 March 1968.)

**1. Criminal Law § 124—**

A verdict is the unanimous decision made by the jury and reported to the court.

**2. Criminal Law § 126—**

A verdict is a substantial right, but it is not complete until accepted by the court for record.

**3. Same—**

The court should examine a verdict as to form and substance so as to prevent a doubtful or insufficient finding from becoming the record of the court, but this power to accept or reject a verdict is restricted to the exercise of a limited legal discretion.

**4. Criminal Law § 124—**

A verdict must be responsive to the issues submitted by the court.

**5. Criminal Law § 126—**

In this prosecution for felonious larceny and for felonious breaking and entering, the answer of the jury, "guilty of larceny," to the clerk's inquiry as to how the jury found defendant upon the charge of breaking and entering, *is held* unresponsive, and the action of the court in restating the charges against defendant and directing the jury to reconsider its verdict is proper.

APPEAL by defendant from *Cowper, J.,* August 1967 Criminal Session of WAYNE.

Defendant was tried on a bill of indictment charging felonious breaking and entering and felonious larceny. The State offered evidence tending to support the allegations of the bill of indictment. Defendant offered no evidence.

The court in charging the jury submitted to the jury four verdicts which it might return: (1) guilty of felonious breaking and entering, (2) not guilty of felonious breaking and entering, (3) guilty of larceny of goods of a value of more than $200.00, and (4) not guilty of larceny of goods of a value of more than $200.00. In this connection the court charged:

> "You will consider all of the testimony and argument of counsel based upon the testimony and say how you find this defendant, guilty, or not guilty, as to each separate charge."

When the jury returned to the courtroom to render its verdict, the following occurred:

CLERK:   How do you find the defendant as to the charge of breaking and entering?

JUROR:   Guilty of larceny.

COURT:　He is charged with breaking and entering with intent to commit a felony. He is also charged with larceny of the value of more than $200.00. Go back to your room.

VERDICT:　Guilty as charged as to each count.

DEFENDANT'S COUNSEL, Mr. Davis, MOVES TO HAVE THE JURY polled as to each count.

The jury was polled as follows, each juror being asked the questions and given answers as follows:

"You have said by your verdict that you find the defendant 'guilty' of breaking and entering with the intent to commit a felony."

Yes, sir.

You have said by your verdict that you find the defendant guilty of larceny of goods of the value of more than $200.00.

Yes, sir.

Are these your verdicts?

Yes, sir.

Do you still assent thereto?

Yes, sir.

Defendant appealed from judgment entered on the verdict.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Joseph H. Davis for defendant appellant.*

BRANCH, J.　The sole question presented for decision is: Did the trial court err in failing to accept the original verdict and to pass judgment thereon?

It is well established by our decisions that when a jury, in a criminal case, returns a verdict of guilty to some of the counts, but not to all, such verdict has the effect of an acquittal on the counts not referred to. *State v. Rhinehart,* 267 N.C. 470, 148 S.E. 2d 651; *State v. Broome,* 269 N.C. 661, 153 S.E. 2d 384; and *State v. Wolfe,* 227 N.C. 461, 42 S.E. 2d 515.

Defendant contends that when the jury responded "guilty of larceny" to the Clerk's original inquiry, "How do you find the defendant as to the charge of breaking and entering?" the jury returned a verdict of guilty of the misdemeanor of larceny, and that defendant was thereby acquitted of the other charge.

A verdict is the unanimous decision made by the jury and reported to the court. *State v. Gatlin,* 241 N.C. 175, 84 S.E. 2d 880. It is a substantial right, but it is not complete until it is accepted by

the court for record. *State v. Perry,* 225 N.C. 174, 33 S.E. 2d 869. The court should examine a verdict as to form and substance so as to prevent a doubtful or insufficient finding from becoming the record of the court, but this power to accept or reject a verdict is restricted to the exercise of a limited legal discretion. *State v. Perry, supra; State v. Bazemore,* 193 N.C. 336, 137 S.E. 172.

In the case of *State v. Rhinehart, supra,* this Court quoted from *State v. Perry, supra,* as follows:

> " 'When, and only when, an incomplete, imperfect, insensible, or repugnant verdict or a verdict which is not responsive to the issues or indictment is returned, the court may decline to accept it and direct the jury to retire, reconsider the matter, and bring in a proper verdict. *S. v. Arrington,* 7 N.C. 571; *S. v. McKay,* 150 N.C. 813, 63 S.E. 1059; *S. v. Bazemore, supra* [193 N.C. 336, 137 S.E. 172] ; *S. v. Noland,* 204 N.C. 329, 168 S.E. 412; *Queen v. DeHart,* 209 N.C. 414, 184 S.E. 7.' "

A verdict must be responsive to the issue or issues submitted by the court. *State v. Perry, supra.*

Here, the indictment charged felonious larceny, and the court by its charge submitted the issue of felonious larceny. All the evidence shows the property to be of a value in excess of $200.00 and to have been taken in connection with a breaking and entering. Thus it was not necessary for the court to submit to the jury the misdemeanor of larceny. G.S. 14-72; *State v. Cooper,* 256 N.C. 372, 124 S.E. 2d 91.

The juror's answer "guilty of larceny" was not responsive to the question, "How do you find the defendant as to the charge of breaking and entering?" The jury was not asked a general question. Rather, the question was directed explicitly to breaking and entering, and the juror's answer when considered in context with the question asked, becomes not only unresponsive but was also incomplete and repugnant.

When the initial attempted verdict was brought in, the trial judge in accord with procedure approved in *State v. Gatlin, supra,* without suggesting the alteration of the substances of the verdict, restated the charges against defendant and directed the jury to retire for further consideration of its verdict.

The polling of the jury, at defendant's request, reflected the unanimity of the verdict as recorded. *State v. Cephus,* 241 N.C. 562, 86 S.E. 2d 70.

The court properly refused to accept the original verdict.

No error.