STATE OF NORTH CAROLINA v. ARTHUR LYNCH

No. 716SC305

(Filed 26 May 1971)

1. Bastards § 1— failure to support illegitimate child — elements of proof

In order to prove that a defendant refused or neglected to support his illegitimate child, the State must establish (1) that the defendant is the parent of the child in question and (2) that the defendant wilfully neglected or refused to support and maintain the illegitimate child. G.S. 49-2.

2. Bastards § 7— nonsupport prosecutions — instructions

Trial court's instruction which precluded the jury from answering in defendant's favor the issue of defendant's wilful failure to support his illegitimate child, *held* prejudicial error in this nonsupport prosecution.

APPEAL by defendant from *Tillery, Judge,* 16 December 1970 Session, HALIFAX Superior Court.

The defendant was charged in a warrant with unlawfully and wilfully neglecting to support and maintain Fred West and Shirley Ann West, two illegitimate children born to defendant and complainant, in violation of G.S. 49-2. Defendant was found guilty in district court and appealed to the superior court.

At trial in superior court at the close of the state's evidence, defendant's motion for nonsuit as to Shirley Ann West was allowed. The jury found defendant guilty as to Fred West and from judgment imposing a six months' prison sentence, suspended upon condition that defendant pay $20 a week for the support of Fred West until his eighteenth birthday, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney L. Philip Covington for the State.*

*Charlie D. Clark, Jr., for defendant appellant.*

BRITT, Judge.

[1]  Defendant assigns as error the trial court's denial of his motion to dismiss as to Fred West. In order for the state to make out a case for a violation of G.S. 49-2, which makes it a misdemeanor for a parent to refuse or neglect to support his illegitimate child, the state must establish two things: (1) that

the defendant is the parent of the child in question, and (2) that the defendant wilfully neglected or refused to support and maintain the illegitimate child. *State v. Green,* 8 N.C. App. 234, 174 S.E. 2d 8 (1970) ; *State v. Coffey,* 3 N.C. App. 133, 164 S.E. 2d 39 (1968). We hold that the testimony was sufficient to survive defendant's motion, hence the assignment of error is overruled.

[2]  Defendant assigns as error the following portion of the trial judge's charge to the jury:

> If you fail to find that he was the father of the child, it would be your duty to answer the first issue "no" and if you answer the first issue "yes" and then you should FAIL to find that he wilfully failed and refused and neglected to support the child after demand was made upon him as I have stated, it would be your duty to answer that second issue "yes." (Emphasis added.)

This part of His Honor's charge is obviously erroneous because the clear construction of the sentence is that if the jury found that defendant was the father of the child, and thus answered the first issue "yes," and then found that defendant did *not* wilfully fail and refuse to support the child it should answer the second issue "yes." By inadvertance or otherwise, the court's statement on the second issue precluded the jury from answering it in favor of defendant. The error was prejudicial, entitling defendant to a new trial.

The record in this case does not indicate that the trial court submitted *written* issues. We strongly commend this practice in cases charging a violation of G.S. 49-2. *State v. McKee,* 269 N.C. 280, 152 S.E. 2d 204 (1967).

New trial.

Judges CAMPBELL and GRAHAM concur.