STATE OF NORTH CAROLINA v. STEVE W. WILLIAMS

No. 7430SC529

(Filed 17 July 1974)

1. **Narcotics § 4— possession of marijuana with intent to distribute — sufficiency of evidence**

   In a prosecution for possession of marijuana with intent to distribute, evidence was sufficient to be submitted to the jury where it tended to show that 43 grams of marijuana were found in an apartment by a deputy sheriff, defendant was in the apartment when the marijuana was found, and defendant stated that the apartment was his or he was one of the renters.

2. **Narcotics § 5— charge of possession with intent to distribute — verdict of guilty of possession for sale**

   In a prosecution for possession of marijuana with intent to distribute, the trial court did not err in denying defendant's motion to set aside the verdict where defendant was indicted for possession with intent to distribute, the court instructed the jury on the elements of that offense, and the evidence tended to show the commission of that offense, but the jury foreman stated the verdict as "guilty of possession for the purpose of sale."

APPEAL by defendant from *Wood, Judge,* 11 February 1974 Session of Superior Court held in HAYWOOD County.

Heard in the Court of Appeals 12 June 1974.

Defendant was indicted and tried for possession of marijuana with intent to distribute. He was convicted by a jury and received a prison sentence. He appealed to this Court.

*Attorney General Robert Morgan, by Associate Attorney W. A. Raney, Jr., for the State.*

*Edward Thornhill III for defendant appellant.*

BALEY, Judge.

[1] Defendant first contends that the court erred in denying his motion for nonsuit. This contention is not well founded, for the evidence is clearly sufficient to support his conviction. Ronald Claude Green, a Haywood County deputy sheriff, testified that he found 43 grams of marijuana in an apartment at the Valley Paradise Motel in Maggie Valley. Green stated that defendant was present in the apartment when the marijuana was found, and when he asked defendant "if it was indeed his

State v. Williams

apartment . . . he said it was his apartment or he was one of the renters of the apartment."

[2]  Defendant next asserts that the verdict returned by the jury was improper and should have been set aside. When the jury completed its deliberations and returned to the courtroom in this case, the following proceedings occurred:

"The Jury, following deliberations, returns to open Court and answered to the question: 'Do you find him guilty of possession of marijuana with intent to distribute, guilty of simple possession or not guilty?', as stated by the Assistant Clerk of Superior Court.

"THE FOREMAN: Guilty of possession for the purpose of sale.

"ASSISTANT CLERK: So say you all?

"THE JURY: Yes."

Although the foreman incorrectly used the word "sale" instead of "distribution," it is obvious that the jury intended to find defendant guilty of possession with intent to distribute. Defendant was indicted for possession with intent to distribute, and the court instructed the jury on the elements of this offense. All of the State's evidence tended to show that 43 grams of marijuana were found in defendant's possession at his apartment. Under G.S. 90-95 (f) (3), as it provided at the time when this offense was committed, possession of more than five grams of marijuana was presumed to be for the purpose of distribution, and the court so instructed the jury.

"[T]he verdict should be taken in connection with the issue being tried, the evidence, and the charge of the court." *Davis v. State*, 273 N.C. 533, 539, 160 S.E. 2d 697, 702; *accord*, *State v. Smith*, 226 N.C. 738, 40 S.E. 2d 363; *State v. Cody*, 224 N.C. 470, 31 S.E. 2d 445. "A verdict is not bad for informality . . . if it is such that it can be clearly seen what is intended. It is to have a reasonable intendment and is to receive a reasonable construction and must not be voided except from necessity. . . . Although defective in form, if it substantially finds the question in such a way as will enable the court intelligently to pronounce judgment thereon according to the manifest intention of the jury, it is sufficiently certain to be received and recorded." *State v. Perry*, 225 N.C. 174, 176, 33 S.E. 2d 869, 870; *accord*, *State v.*

*McKay,* 150 N.C. 813, 63 S.E. 1059; *State v. Whisenant,* 149 N.C. 515, 63 S.E. 91.

In *State v. Ellison,* 230 N.C. 59, 52 S.E. 2d 9, relied upon by defendant, the verdict was set aside because it was ambiguous and could be interpreted as finding the defendant guilty of an act which was not a crime. The verdict in the present case contains no such ambiguity, and the *Ellison* case is therefore distinguishable.

The trial court did not err in denying defendant's motion for nonsuit and his motion to set aside the verdict.

No error.

Judges BRITT and MORRIS concur.