STATE OF NORTH CAROLINA v. RALPH MAJOR HOBSON

No. 8423SC42

(Filed 2 October 1984)

**Criminal Law § 124; Bastards § 8— sufficiency of verdict—must allude to warrant or establish specific elements**

　　Where defendant was charged with *willful* refusal to support and maintain *his* illegitimate child, a verdict of "guilty of non-support of illegitimate child" was improper because it did not allude generally to the warrant or use specific language sufficient to show a conviction of the offense charged. The preferred practice in cases charging a violation of G.S. 49-2 calls for submission of *written* issues to the jury.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 24 August 1983 in Superior Court, YADKIN County. Heard in the Court of Appeals 24 September 1984.

Defendant was charged with the willful refusal to support and maintain his illegitimate child under G.S. 49-2. The jury returned a verdict of "[g]uilty of non-support of illegitimate child." Defendant was given a six-month sentence to be suspended on the condition that he pay $45 per week in support. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Lemuel W. Hinton, for the State.*

*William M. Allen, Jr., for defendant appellant.*

VAUGHN, Chief Judge.

We hold that the verdict returned by the jury was improper and must be set aside.

Defendant was charged and tried under G.S. 49-2, which makes it a misdemeanor offense for "[a]ny parent [to] willfully [neglect] or . . . [refuse] to support and maintain his or her illegitimate child. . . ." For defendant to be found guilty of this criminal offense, two essential elements must be established: First, that the defendant is a parent of the illegitimate child in question; and second, that the defendant has *willfully* neglected or refused to support such child. *State v. Coffey,* 3 N.C. App. 133, 164 S.E. 2d 39 (1968). The begetting of an illegitimate child is not in itself a crime, *State v. Tyson,* 208 N.C. 231, 180 S.E. 85 (1935),

and neither is the willful refusal to support the child of another. A jury verdict must unambiguously state that the defendant has been found guilty of a crime. It has therefore been held that a general verdict of "[g]uilty" or "[g]uilty as charged" is sufficient when a defendant is properly charged under G.S. 49-2. *State v. Ellison*, 230 N.C. 59, 60, 52 S.E. 2d 9, 10 (1949). However, "when the jury undertakes to spell out its verdict without specific reference to the charge, . . . it is essential that the spelling be correct." *State v. Lassiter*, 208 N.C. 251, 252, 179 S.E. 891, 891 (1935). A finding of "[g]uilty of willful non-support of illegitimate child" is insufficient to sustain a verdict because it "does not fix the paternity of the child." *Ellison*, 230 N.C. at 60, 52 S.E. 2d at 10; *see also State v. Williams*, 22 N.C. App. 502, 206 S.E. 2d 783 (1974). Similarly defective is a verdict of "[g]uilty of failure to support and maintain his bastard child" because it omits the element of willfulness. *State v. Allen*, 224 N.C. 530, 531, 31 S.E. 2d 530, 530 (1944).

In the present case, a warrant of arrest properly charged defendant with the willful failure to support his illegitimate child. However, the jury did not return a verdict of "guilty" or "guilty as charged" or "guilty of *willful* non-support of *his* illegitimate child," but returned a verdict of "[g]uilty of non-support of illegitimate child." This verdict neither alludes generally to the warrant nor uses specific language sufficient to show a conviction of the offense charged. It is in fact completely consistent with defendant's contention that he is not the father of the child. *See, e.g., Lassiter, supra.* By itself the verdict is senseless and unresponsive to the warrant and should not have been accepted by the trial court. The judgment of the court is therefore not supported by the verdict as rendered by the jury.

Although a general verdict of "guilty" or "guilty as charged" may be proper, it is not required. *State v. Ellis*, 262 N.C. 446, 137 S.E. 2d 840 (1964). Indeed, we must strongly reemphasize that the preferred practice in cases charging a violation of G.S. 49-2 calls for the submission of *written* issues to the jury. *State v. McKee*, 269 N.C. 280, 152 S.E. 2d 204 (1967); *State v. Lynch*, 11 N.C. App. 432, 181 S.E. 2d 186 (1971). As the present case illustrates, "the submission of issues in prosecutions under G.S. 49-2 is, as a practical matter, almost a necessity." *Ellis*, 262 N.C. at 451, 137 S.E. 2d at 845. A jury's verdict based on such issues should include an

individual determination of four issues. First, is defendant a parent of the illegitimate child in question? Second, did defendant receive notice and demand for support? Third, did defendant willfully neglect or refuse to provide adequate support for the child? Lastly, if the answers to the preceding are yes, is defendant *guilty* of willful neglect or refusal to maintain and provide adequate support for his illegitimate child? Such a verdict of the jury is in the nature of a special verdict and, when attempted, must reveal that all issues of ultimate material fact have been resolved against defendant. *See generally, Ellis, supra.*

We have carefully reviewed all additional assignments of error and find them to be without merit.

Judgment vacated. Remanded for a new trial.

Judges WHICHARD and JOHNSON concur.